IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20421
_____


In The Matter of: DEAN RAY EVANS; JANE ELAINE EVANS

Debtors


BAYSHORE NATIONAL BANK OF LA PORTE,

Appellant,

v.

DEAN RAY EVANS; JANE ELAINE EVANS,

Appellees.
_____

Appeal from the United States District Court
for the Southern District of Texas
_____
February 7, 1996

Before KING, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Bayshore National Bank of La Porte appeals the district

court's affirmance of the bankruptcy court's discharge of Dean

Ray Evans and Jane Elaine Evans in Chapter 7 bankruptcy.  By

_____

    [*]    Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

focusing on the Evanses' transfer of nonexempt assets into their exempt homestead, Bayshore sought to bar the Evanses' general discharge pursuant to 11 U.S.C. § 727(a)(2) and to impose an equitable lien on their homestead pursuant to the Texas Fraudulent Transfers Act.  Tex. Bus. & Com. Code §§ 24.005 and 24.008.  The bankruptcy court granted summary judgment in favor of the Evanses on all causes of action regarding the homestead.  Because we find that Bayshore did not submit sufficient summary judgment evidence as to the Evanses' intent to conceal the transfers, or to hinder, delay, or defraud, and because the transfers did not occur within one year of the Evanses' bankruptcy filing, we conclude that the district court did not err in affirming the bankruptcy court's summary judgment.

By focusing on the transfer by Dean Ray Evans of two cashier's checks to Texas Coastal Bank ("TCB"), Bayshore sought to bar the Evanses' general discharge pursuant to 11 U.S.C. § 727(a)(2) or, alternatively, to have the debt to Bayshore declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6).  After trial on the merits, the bankruptcy court found that D. Evans' transfer of the cashier's checks was a preferential payment and not a transfer made to hinder, delay, or defraud creditors.  The record supports that finding.  Additionally, the bankruptcy court determined that Bayshore had no cause of action under § 523(a)(6) because Bayshore had no legal claim to the cashier's checks at the time that D. Evans transferred them to TCB.  We agree with the lower courts that, on the facts

2

presented, the transfer of the two cashier's checks to TCB did not justify denial of discharge under § 523(a)(6).

For the foregoing reasons, we AFFIRM the judgment of the district court.